**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **HAKIMA FADILI** | **CIVIL DOCKET NO. 6:26-cv-00930 SEC. P.** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN, SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

# ORDER

Before the Court is a MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ORDERING RELEASE PENDING FINAL JUDGMENT (the "TRO/PI Motion") [Doc. 10] filed by Petitioner Hakima Fadili ("Petitioner"), requesting that the Court release her during the pendency of her habeas proceedings.

"[T]he primary purpose of a [TRO] is to *maintain* the status quo"—not "change it." *Ruffin v. Turner,* No. 2:25-cv-169, 2026 U.S. Dist. LEXIS 14997, 2026 WL 220912, at *1 (S.D. Miss. Jan. 27, 2026) (emphasis added). As such, "a court cannot render [the] ultimate relief sought in a habeas petition—releasing a detainee—in the form of a . . . TRO." *Saechao v. Noem,* No. 3:26-CV-0624, 2026 U.S. Dist. LEXIS 44134, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026). Put another way, where a motion for a TRO "seek[s] the same relief" as a pending habeas petition, the court must deny the motion—otherwise, the motion for "immediate release would function as a form of accelerated review, circumventing the habeas process." *Cano Alvarez v. S. La. ICE Processing Ctr.,* No. 26-0696, 2026 U.S. Dist. LEXIS 48472, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper

because one cannot skip the line by dressing a habeas petition in TRO clothes.") *See also Ortega v. U.S. Immigr. & Customs Enf't*, No. 6:26-CV-00865, 2026 U.S. Dist. LEXIS 58446, 2026 WL 776600, at *1 (W.D. La. Mar. 18, 2026) (citation modified).

The same goes for preliminary injunctions. "[W]here a motion for a preliminary injunction . . . seeks the same relief" as the movant's habeas corpus petition—namely, "immediate release"—the Court should deny the motion. *Stines v. Superintendent,* No. 9:24-CV-456, 2025 U.S. Dist. LEXIS 95615, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025); *see also, e.g., Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, 2025 U.S. Dist. LEXIS 269157, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025) (specifically applying that principle in the immigration detention context). "Put another way, a motion or application for a preliminary injunction is properly denied when it is no more than a 'motion to win'" the entire case at the litigation's outset. *Mosley v. Dhi Mortg. Co.,* No. 3:25-cv-2463, 2025 U.S. Dist. LEXIS 273891, 2025 WL 4220419, at *2 (N.D. Tex.), report and recommendation accepted by 2025 U.S. Dist. LEXIS 273838, 2025 WL 4220418 (N.D. Tex. Nov. 12, 2025); *see also, e.g., George v. Noem*, No. 3:25-cv-2935, 2025 WL 3852946, at *6 (N.D. Tex. Dec. 19, 2025) (similarly applying that principle in the immigration detention context), report and recommendation accepted by 2026 U.S. Dist. LEXIS 570, 2026 WL 30829 (N.D. Tex. Jan. 5, 2026).

Here, the relief Petitioner seeks in her Motion is the same ultimate relief that she seeks in her pending Petition for a Writ of Habeas Corpus: immediate release

from detention, or, in the alternative, a bond hearing. Consequently, the Motion is procedurally improper.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Doc. 10] is DENIED. The Court will rule on Petitioner's Petition for Writ of Habeas Corpus in due course.

THUS, DONE AND SIGNED in Chambers on this 9th day of November, 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE